

899-6(B)

DEORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiff
PAKRI TANKERS OU

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAKRI TANKERS OU

        Plaintiff,     07 Civ. (   )

   v.             **VERIFIED COMPLAINT
                      AND RULE B ATTACHMENT**

ARAL WIND LTD.

        Defendant.
-----------------------------------------------------------X

  Plaintiff Pakri Tankers OU (hereinafter referred to as "Pakri") by its attorneys DeOrchis Wiener & Partners, LLP, as and for its Verified Complaint against Defendant Aral Wind Ltd. (hereinafter referred to as "Aral"), alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

  2. Venue is proper under 28 U.S.C. § 1391(d) because Defendant Aral is an alien corporation.

  3. At and during all times hereinafter mentioned, Plaintiff Pakri was, and still is, a corporation organized and existing under and by virtue of the laws of the Republic of Estonia with a place of business at Toom Ruutli 12-10 Tallinn, Estonia, and was

engaged in the business of chartering and operating vessels for the carriage of goods by sea.

4. Upon information and belief, Defendant Aral is a corporation incorporated under the laws of the Republic of Liberia or some other foreign country with an office and place of business located c/o Eastwind Carriers (UK) Ltd., 3 Southwark Street (3rd Floor), London, England and Eastwind Shipmanagement Pte. Ltd., 1 Maritime Square #10-21, Harbourfront Center, Singapore, and at all times hereinafter mentioned was engaged in the business of owning and operating vessels including but not limited to M/T ARAL WIND.

5. On or about November 14, 2006 Plaintiff Pakri time chartered from Defendant Aral the M/T ARAL WIND on a Shelltime 4 charter form (December, 1984 edition) as amended for a period of 24 months plus or minus 30 days at charterers' option.

6. The parties agreed to submit disputes to arbitrators at London and that English law would apply in Rider Clause 56.

7. The M/T ARAL WIND was delivered by Defendant to Plaintiff in February, 2007, pursuant to Clause 5 of the charterparty.

8. On or about November 15, 2006 a time charter was entered into between Plaintiff Pakri as time chartered owner and Mendicino LTD. as time charterer for the purpose of the vessel carrying chemicals and clean petroleum products for a period of 12 months with charterers' option for two further periods of six months each commencing from the time and date of delivery of the vessel on or about February, 2007.

9. On or about June 15, 2007, Mendicino's broker requested Pakri to advise whether the vessel was able to load a cargo of ethylene dichloride ("EDC") and provided Pakri with a Cargo Specification Sheet showing a maximum water content of 900 parts per million.

10. On that same day, June 15, 2007, Pakri solicited the approval of Defendant Aral through its operating agent, Eastwind Carriers (UK) Limited in London, of the cargo as described in the Cargo Specification Sheet provided by Mendicino Ltd.

11. By email dated June 15, 2007 at 9:41 p.m., Eastwind Carriers (UK) Limited as agents of Defendant Aral confirmed that the vessel would be able to carry EDC as cargo but only in the vessel's center tanks.

12. In reliance upon Defendant's representations through its agent Eastwind, Pakri confirmed to Mendicino that EDC could be loaded in the vessel's center tanks, was compatible with the vessel's tank coatings and was among the cargoes to be included in the Certificate of Fitness to be issued by Det Norske Veritas, the vessel's classification society in due course.

13. By an e-mail dated June 18, 2007 Mendocino's broker asked Pakri for further confirmation that the vessel would be able to carry the cargo of EDC of the specifications provided, and advised Pakri that they were about to conclude a sub-charter of the vessel. This message was accompanied by a further EDC specification giving water content between 721 and 890 ppm and HCL between 18 and 21 ppm. Pakri passed that request for confirmation to Eastwind the following day, June 19 2007.

14. By June 21 Mendicino had received no response to their June 18 request for further confirmation, and Mendicino's broker contacted Eastwind directly. In response to this direct approach Mendicino's broker received a message from Eastwind confirming that Mendocino was to go ahead with booking the cargo and that they knew

that the vessel could carry the cargo. At that time Defendant Aral had in its possession full specifications of the cargo which Mendocino intended to load.

15. Mendicino Ltd. alleges in a related action *(Mendicino Ltd. v. Pakri Tankers OU*, 07 Civ. 9286 (BSJ)) that, in reliance upon the information provided to Mendicino on June 15 and 21 that the center tanks were able to carry the EDC cargo, Mendicino entered into a voyage charter with Pequiven for the carriage of 6,500 metric tons of wet EDC from Venezuela to India.

16. Mendicino further claims in its Verified Complaint that Pakri advised Mendicino on June 29, 2007 that the vessel could not load the EDC cargo because the water content in the proposed cargo exceeded 1% which quantity of water would damage the vessel's tank coatings and therefore the cargo could not be carried.

17. Pakri furnished this declination of approval to carry the EDC cargo based upon the email withdrawal of approval made to Pakri by Defendant Aral through its agents Eastwind Carriers (UK) Limited.

18. The refusal by Defendant Aral to permit the vessel to carry the cargo, which it has previously expressly approved in the June 21 message, constituted a breach of the charterparty between Plaintiff and Defendant.

19. In the related action, Mendicino Ltd. contends that Pakri breached its charter with Mendicino by refusing to permit the cargo to be carried and that, as a result of the refusal by Pakri to carry the cargo of wet EDC, Mendicino sustained monetary losses in an amount estimated to be $1,210,373.00.

20. In the related action, Mendicino Ltd. alleges that it has commenced arbitration proceeding against Pakri in London and has served claims submissions to arbitrators and opposing counsel.

21. Thereafter, Plaintiff Pakri commenced arbitration proceedings against Defendant Aral in London and served claims submissions on the attorneys for Aral Wind Ltd. on October 26, 2007.

4

22. The attorneys for Defendant Aral Wind Ltd. are due to file their defense submissions by latest December 7. Efforts have been made by the parties to consolidate the arbitrations between Mendicino and Pakri on the one hand and Pakri and Aral on the other hand but the arbitrators have not consolidated the proceedings although the tribunals are cognizant of the progress and developments of both arbitrations, and have timetabled the service of submissions in both arbitrations as though they were consolidated.

23. As a result, the submissions by Pakri in defense of the claims submissions by Mendicino are due to be served on December 14, 2007.

24. In the related action, in addition to the principal amount of its claim, Mendicino also claims approximately $591,523.76 representing attorneys' fees and other taxable costs which Mendicino alleges that it will incur in the arbitration proceeding in London and seek an award of that amount from Defendant Pakri in addition to interest on the principal amount of its claim which it calculates to be $166,594.52, bringing the total amount of the claim of Mendicino against Pakri to $1,968,491.28.

25. If Mendicino is correct, then Defendant breached the charter by refusing to carry the cargo which it had previously approved, *i.e.* the EDC as reflected in the specifications submitted by Mendicino and passed on to Aral by Pakri on or about June 15 and 18, 2007.

26. If defendant breached its obligation, then Pakri may become liable to Mendicino in an amount of $1,968.491.28 as nearly as can be presently ascertained, and the liability of Pakri to Mendicino, which Pakri expressly denies, will have been caused by, due to or contributed to by the breach of contract, breach of warranty, fault, omission, negligence or lack of due care on the part of Defendant Aral Wind Ltd. in

failing to perform its duties and obligations set forth in the charterparty dated November 14, 2006.

27. After due investigation, the Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, the Defendant has, or will have, during the pendency of this action, assets comprising *inter alia* of cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant, including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the process of attachment and garnishment issued herein within this district and subject to the jurisdiction of this Court, including but not limited to HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, JP Morgan Chase, Bank of New York, Deutsche Bank and/or Standard Chartered Bank, which are believed to be due and owing to the Defendant.

28. The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure and/or satisfy the Plaintiff's claim as described above in the amount of $1,968,491.28.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing each to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That, since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant, or either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank, and/or Standard Chartered Bank, which are believed to be due and owing to Defendant Aral in the amount of US$1,968,491.28 to satisfy and/or secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Verified Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
December 3, 2007

DeORCHIS, WIENER & PARTNERS, LLP
Attorneys for Plaintiff
PAKRI TANKERS OU

By: _____
Christopher H. Mansuy
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700
Our File: 899-6(B)

W:\899-6\Legals (B)\Verified Complaint And Rule B Attach 120307.Chm.Doc 12/3/07-sh

8

## VERIFICATION

Christopher H. Mansuy declares and states that he is an attorney with the law firm of DeOrchis, Wiener & Partners, LLP, and a member in good standing of the Bar of this Honorable Court and that the foregoing Verified Complaint is true to the best of his information and belief; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him by plaintiff and; that the reason why the Verification is not made by plaintiff is that plaintiff is a corporation none of whose officers or directors is present within the District.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2007

_____
Christopher H. Mansuy